## CIRCUIT COURT OF THE CITY OF RICHMOND

Cleland Davis

v.

Michelle B. Mitchell,
Sheriff

March 8, 1996

Case No. LB-268

BY JUDGE DONALD W. LEMONS

The petitioner, Cleland Davis, seeks a Writ of Habeas Corpus challenging his detention pursuant to a warrant signed by Governor George Allen of Virginia in response to a lawful requisition request from Governor Paris Glendening of Maryland.

The petitioner was arrested on a fugitive warrant pursuant to § 19.2-99 on November 15, 1995. He was immediately brought before a Judge of the General District Court of the City of Richmond and was confined pursuant to § 19.2-101. On December 15, 1995, he was brought before a Judge of the General District Court and remanded to custody.

On January 19, 1996, the petitioner was, once again, brought before a Judge of the General District Court upon motion of the petitioner to dismiss the fugitive warrant for technical defects in the form of the warrant and accompanying documents. The Judge of the General District Court dismissed the warrant.

Before the petitioner was actually processed for release by the Sheriff's Department, a new fugitive warrant was served upon him. The new warrant was not challenged for any technical deficiencies.

The petitioner was arrested on the Governor's warrant pursuant to § 19.2-92 on January 23, 1996. On February 1, 1996, he was brought before a Judge of the General District Court of the City of Richmond and

the second fugitive warrant was dismissed. The petitioner remained in custody on the Governor's warrant.

On February 5, 1996, the petitioner, by counsel, filed a Petition for Writ of Habeas Corpus. On February 9, 1996, he was brought before this Court and informed of his rights pursuant to § 19.2-95 and counsel was formally appointed to represent him. Bond was set for the petitioner. Notice of the proceeding was given to the attorney for the Commonwealth and to the agent of the State of Maryland seeking extradition.

An evidentiary hearing on the Petition for a Writ of Habeas Corpus was held on March 7, 1996. The Court finds that:

A. The petitioner is Cleland Davis and he is the person named in the request for extradition.

B. He was convicted in Montgomery County, on November 2, 1994, of indecent exposure.

C. He was released on bond pending sentencing on December 14, 1994.

D. He failed to appear for his sentencing and is a fugitive from the State of Maryland.

E. The extradition documents are in compliance with all applicable laws.

The petitioner's challenge to his detention is based upon his contention that:

A. He was not informed of his right to file a Writ of Habeas Corpus prior to the arrest on the Governor's warrant.

B. He was not formally recommitted under § 19.2-103 by the General District Court Judge.

C. He was improperly detained after the dismissal of the fugitive warrant.

D. He was held for 110 days on a prior fugitive warrant in the District of Columbia which was subsequently dismissed by a Judge of the District of Columbia Superior Court "for want of prosecution" by the State of Maryland and that any further detention of him by Virginia on a new fugitive warrant violates the time limitation under the Uniform Criminal Extradition Act for pre-requisition detention.

The Court will consider each of the petitioner's contentions in the order listed above. Section 19.2-95 requires that before the petitioner is "delivered over to the agent whom the executive authority demanding him shall have appointed to receive him," the petitioner shall be informed of certain

matters including the right to test the legality of his arrest by application for a Writ of Habeas Corpus. However, the language of § 19.2-95 refers to "such warrant" and it is clear from the context of the statutory scheme that "such warrant" refers to the Governor's warrant and not to the fugitive warrant. After the petitioner was served with the Governor's warrant, he was brought before this Court and fully informed of all of his rights under § 19.2-95.

The attorney for the Commonwealth concedes in his letter to the Court dated February 22, 1996, that the General District Court Judge "continued" the original fugitive warrant from December 15, 1995 (the 30th day of his detention) to January 19, 1996, without writing the word "recommitted" on the warrant. Nonetheless, the petitioner was remanded to the custody of the sheriff. The Court finds that the action of the General District Court Judge was that of recommitment pursuant to § 19.2-103.

In oral argument before the Court, the petitioner, argues that upon dismissal of the first fugitive warrant on January 19, 1996, he should have been *instantly* released and that even detention for an additional "second" was unlawful. He argues that his Fourth Amendment right against "seizure" was violated by even a moment's further detention after dismissal of the fugitive warrant. But petitioner ignores that the text of the Fourth Amendment only forbids "unreasonable" seizures. The Court finds that remanding the petitioner to the custody of the Sheriff for necessary processing before release is not unreasonable. The location of the General District Court is removed from the City Jail. Normal and reasonable processing of a prisoner includes return to the City Jail, retrieval of personal items and verification of the prisoner's receipt of these items by the Sheriff and the prisoner. The evidence reveals that, at most, this process took several hours and before actual release of the petitioner, he was served with a new fugitive warrant which apparently was not defective in any respect. This detention was not unreasonable.

Finally, the petitioner argues that he may not be currently detained because he was previously detained in the District of Columbia on a fugitive warrant for the same matter for a period of 110 days. The petitioner's current detention is based upon a valid warrant from the Governor of Virginia executed within the limitation imposed by § 19.2-101 and § 19.2-103. The petitioner was arrested on the Governor's warrant 69 days after his detention on a fugitive warrant, a period well within statutory requirements. The Court does not decide the issue of whether the petitioner could continue to be detained on a fugitive warrant alone.

Extradition is a matter of comity between the states. It is mandated by the United States Constitution, Article IV, § 2, Clause 2. The right of extradition belongs to the demanding state and not to the fugitive. The Uniform Criminal Extradition Act provides the procedural mechanism for this constitutional prerogative of the demanding state. The United States Supreme Court in the case of *Michigan v. Doran*, 439 U.S. 282 (1978), recognized the limited inquiry of the courts of the asylum state as follows:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

439 U.S. at 288-289.

The Court finds no illegality in the petitioner's detention prior to his arrest on the Governor's warrant. However, even if petitioner's detention prior to arrest on the Governor's warrant was improper, the Court must look "to the legality of the cause for detention existing at the time of the arrest on the Governor's rendition warrant, which, if otherwise valid, supplies sound, present legal cause even though there may have been prior illegality." *Parks v. Bourbeau*, 477 A.2d 636, 646 (Conn. 1984). Once the Governor's warrant is executed, issues concerning the petitioner's previous detention are moot. See, *Schuman v. Nelson*, 659 P.2d 1389, 1390 (Colo. 1983).

Accordingly, the Petition for a Writ of Habeas Corpus is denied.